UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BLUE HILL SPECIALTY INSURANCE CO. | CIVIL ACTION NO. 22-259 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CRICKET TRANSPORT, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Plaintiff Blue Hill Specialty Insurance Company ("Blue Hill") filed this declaratory judgment action to determine whether it owes certain potential claimants coverage, defense, and indemnity under an insurance contract. Before the Court is a motion to dismiss based on abstention, filed by Defendants Robert Glass, Dana Glass, Kary Bryce, and Cricket Transport, LLC (collectively, "Defendants"). Record Document 10. The motion has been fully briefed. For the reasons below, the motion [Record Document 10] is **GRANTED**.

### I. Background

This declaratory judgment action arises from the interpretation of an insurance contract issued by Blue Hill. Kary Bryce, through his company Monarch Mansions, LLC ("Monarch Mansions"), owns residential property located at 1874 Jack Martin Road in Minden, Louisiana (the "Property"). Record Document 1 ¶ 14. Robert and Dana Glass leased the Property and lived there during the applicable period. *Id.* ¶ 18. According to Blue Hill, the Property was also the registered office of Cricket Transport, LLC ("Cricket Transport"), a company in which Robert and Dana Glass are the sole members. *Id.* ¶¶ 16–17. Cricket Transport owned and housed a 2005 Peterbilt 387 truck (the "Truck") at the Property. *Id.* ¶¶ 12 & 14. Robert Glass operated the Truck as part of his hauling business. *Id.* ¶ 22. Cricket Transport was insured by a commercial auto insurance policy (the "Policy"), which was issued by Blue Hill. *Id.* ¶¶ 15 & 21.

On April 10, 2021, the Truck caught fire and burned while parked outside the residential home and allegedly caused significant damage to the Property. *Id.* ¶ 12. Kary Bryce sought coverage under the Policy. Blue Hill, however, denied coverage.

On January 27, 2022, Blue Hill filed this declaratory judgment action in which it seeks a judgment declaring (1) that the substantive law of Louisiana applies to the interpretation of the Policy and (2) that the Policy does not cover Defendants under these facts. *See id.* ¶ 30.

On February 3, 2022, Monarch Mansions, through Kary Bryce, filed a petition for damages against Blue Hill, Robert Glass, and Cricket Transport in the 26th Judicial District Court in Minden, Louisiana, seeking payment for the damage to the Property and coverage under the Policy. Record Document 10-3 at 1–5.

Now, Defendants move to dismiss the federal suit based on permissive abstention. Record Document 10. In the motion, Defendants concede that diversity jurisdiction exists in the federal suit because the amount in controversy exceeds $75,000 and Blue Hill is a non-Louisiana corporation for diversity purposes, whereas Defendants are all Louisiana residents for diversity considerations. Defendants, however, argue that this Court should exercise its discretion and abstain from ruling on the matter because of the parallel action in Louisiana state court.

**II.    Law & Analysis**

**A. Declaratory Action & Permissive Abstention**

Blue Hill filed suit pursuant to the Federal Declaratory Judgment Act under which a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "However, the district court is not compelled to exercise that jurisdiction." *Am. Employers' Ins. Co. v. Eagle Inc.*, 122 F. App'x 700, 702 (5th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) and *Wilton v. Seven Falls Co.*, 515

U.S. 277, 286–87 (1995)). "In analyzing whether to decide or dismiss the declaratory judgment suit, . . . [a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

The parties do not dispute that the first two elements are satisfied. Defendants, however, request for this Court to exercise its discretion to dismiss this action. To assist district courts, the Fifth Circuit has established seven nonexclusive factors to consider when deciding whether to retain jurisdiction over a declaratory action: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)). These are called the *Trejo* factors.

The *Trejo* factors address three broad concepts: federalism (first and seventh factors); fairness (second, third, and fourth factors); and efficiency (first, fifth, and sixth factors). *Id.* at 390–92. The Court will analyze these factors in light of the broader policy considerations.[1]

---

[1] Both sides agree that the seventh factor is not at issue in this case, and the Court therefore finds it neutral.

1. Federalism

The first *Trejo* factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, addresses federalism considerations. "When a pending state court suit raises the same issues as a federal declaratory judgment action, the central question for a district court under *Brillhart* and *Wilton* is whether the controversy is better decided in state or federal court." *Id.* at 392. "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390–91.

Here, the first *Trejo* factor, and the larger federalism consideration, favors abstention. It is undisputed that there is an existing state court action between the same interested parties, which presents the same issues of coverage, contract interpretation, and subsequent liability. *See* Record Document 13 at 4. Moreover, the issues strictly involve the application of state law, as no federal question has been presented. Thus, considerations of federalism strongly favor abstention. *See Sherwin-Williams Co.*, 343 F.3d at 392 (describing the first factor as a "threshold issue").

2. Fairness

The next three *Trejo* factors consider whether the declaratory action process is being used to gain an unfair advantage. *Id.* at 391. The main consideration is whether Blue Hill had a legitimate reason to be in federal court. *Eagle*, 122 F. App'x at 703 (citing *Sherwin-Williams Co.*, 343 F.3d at 397–99). The purpose of the declaratory action is to allow potential defendants to resolve a dispute without waiting to be sued, so "[t]he mere fact that a declaratory judgment action is brought in

anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Sherwin-Williams Co.*, 343 F.3d at 397. Further, "[t]he traditional justification for diversity jurisdiction is to ensure fairness for out-of-state litigants," and relying on diversity jurisdiction, by itself, does not constitute impermissible forum shopping. *Eagle*, 122 F. App'x at 703 (citing *Sherwin-Williams Co.*, 343 F.3d at 397–99).

Here, although Blue Hill filed this suit in anticipation of state court litigation and to avail itself of a federal forum, there is insufficient evidence to conclude that it did so impermissibly. Kary Bryce, through his attorney, made multiple written demands, over several months, to Blue Hill demanding that it reconsider the denial of coverage or be faced with a lawsuit. Record Document 10-3 at 8–27. Blue Hill thus was reasonable to seek a declaratory judgment on the issue of coverage under the Policy, and it therefore permissibly invoked diversity jurisdiction to do so. *See Sherwin-Williams Co.*, 343 F.3d at 397–98. Importantly, the same substantive law would apply regardless of whether a state or federal forum presided over this case, and there is no evidence that Defendants were restricted from filing a state court action. *See id.* at 399 (considering whether the law would change depending on the forum and whether the defendants were restricted from filing state court actions). As such, the Court finds that Blue Hill did not act unfairly when filing a federal declaratory judgment action.

### 3. Efficiency

The final two applicable *Trejo* factors focus on efficiency by analyzing the convenience of the federal forum and overall judicial economy. The first *Trejo* factor also addresses efficiency considerations. The Court finds the convenience of the forum to be of minor importance in the abstention consideration in this case. The difference between litigating in Shreveport and Minden is minimal from a logistical standpoint, considering that the two forums are approximately 30 miles

apart via Interstate 20 and that this Court is the closest federal courthouse. Any marginal inconvenience to either party regarding the location of the litigation does not weigh strongly for or against abstention under the facts of this case.

More importantly, however, the Court believes judicial economy would be better served by avoiding duplicative litigation. "A federal district court should avoid duplicative or piecemeal litigation where possible." *Id.* at 391. "Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Id.* (citations omitted).

As stated above, a state court action was filed several days after this action and involves the same parties and the same issues, and only the application of state law is at issue in this matter. Notably, very few resources have been expended in federal court.[2] Blue Hill filed this action on January 27, 2022. Defendants waived service and timely filed the foregoing motion on March 7, 2022, which became ripe when the reply brief was filed on March 30, 2022. No further resources have been expended in federal court, and the underlying issues have not been briefed before this Court. Thus, it would be a more efficient use of judicial resources for only one court to preside over these matters, and federalism considerations necessitate for this Court to defer to the state court regarding these strictly state law issues.

---

[2] Although the state action was filed several days after the federal action, under the facts of this case, the Court finds the more important consideration to be judicial economy and not who won or lost the race to the courthouses. There is no evidence that any party filed suit in an improper forum. Indeed, the facts tend to show that Blue Hill anticipated being sued, so it proactively filed the federal declaratory action instead of engaging in further discussions with Kary Bryce's attorney and risking being sued in state court. *See* Record Documents 10-3 at 8–27; 13 at 4–5. Although the Court did not find this conduct to be impermissible forum shopping based on the record before it, the mere fact that Blue Hill's federal action was first in time does not weigh heavily in the Court's analysis under these circumstances. *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 n.15 (5th Cir. 1993).

In sum, although there is insufficient evidence to conclude that Blue Hill acted unfairly by filing this declaratory judgment action, federalism and efficiency considerations overwhelmingly favor abstention. *See id.* at 392 (describing the first factor as a "threshold issue" and a "central question" under *Brillhart* and *Wilton*); *Eagle*, 122 F. App'x at 702–04 (affirming that federalism and efficiency considerations outweighed any fairness considerations under similar facts). It would be a waste of judicial resources to allow this case to advance any further considering that there is a parallel state court action in which the parties can litigate all issues. Importantly, only issues of state law have been raised. As such, the Court concludes that this is the typical case in which the Fifth Circuit has instructed district courts to exercise their discretion and dismiss the federal suit in deference to the parallel state court action. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581–82 (5th Cir. 1992) (holding that district court abused its discretion by not staying or dismissing the declaratory judgment action to avoid duplicative litigation of the same state law issues); *Sherwin-Williams Co.*, 343 F.3d at 390–91; *Eagle*, 122 F. App'x at 702–04.

### III. Conclusion

Based on the foregoing reasons, Defendants' motion to dismiss based on abstention [Record Document 10] is **GRANTED**, and the declaratory judgment action is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will issue herewith.

**THUS DONE AND SIGNED** this _13th___ day of June, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE